# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARMEL AL HAJ and<br>TIMOTHY A. WOODHAMS, individually<br>and on behalf of all others similarly situated,<br>    Plaintiffs,<br>v.<br><br>PFIZER INC.,<br>    Defendant. | ORAL ARGUMENT REQUESTED<br><br><br><br>Case No. 1:17-cv-06730<br><br>Judge: Honorable Gary Feinerman<br>Magistrate: Honorable Susan E. Cox |

## DEFENDANT PFIZER INC.'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO STRIKE THE NATIONWIDE CLASS ALLEGATIONS

Defendant Pfizer Inc. ("Pfizer") respectfully renews its motion to strike the nationwide class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D) based on the Court's recent order dismissing the claims of Timothy A. Woodhams for lack of personal jurisdiction.

In its recent order dismissing Woodhams's claims for lack of personal jurisdiction, the Court reached two fundamental conclusions that are fatal to the nationwide class allegations that the Court previously declined to strike on predominance grounds: (1) "Pfizer's ties to Illinois are [not] sufficient to make this the exceptional case where Pfizer" – a corporation that is not incorporated in Illinois and does not have its principal place of business there – "is nevertheless 'at home' in Illinois" for purposes of general jurisdiction; and (2) specific jurisdiction is lacking over Pfizer in Illinois as to the claims asserted by *non*-Illinois individuals who purchased the Robitussin outside Illinois. *Al Haj v. Pfizer Inc.*, No. 17 C 6730, 2018 WL 1784126, at *3, *6 (N.D. Ill. Apr. 13, 2018) (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ("*BMS*")). Given these two core holdings, it is now clear that the nationwide class allegations could never be certified separate and apart from the myriad state law variations that were the basis of the initial motion to strike because Pfizer is not subject to general jurisdiction

1

in Illinois; nor could it ever be subject to specific jurisdiction in that forum with respect to out-of-state class members who did not purchase the Robitussin and suffer a purported injury in Illinois. In short, the logic underlying the dismissal of Woodhams's claims for lack of personal jurisdiction compels the dismissal of the nationwide class allegations for lack of personal jurisdiction as well, as multiple courts in the Northern District have recently recognized. For this reason alone, the Court should strike the nationwide class allegations.

## BACKGROUND

Mr. Al Haj and Mr. Woodhams filed a class action complaint against Pfizer, generally alleging that they "purchased Maximum Strength Robitussin based on Pfizer's representation that the product was, in fact, maximum strength." (Compl. ¶¶ 8, 9.) Plaintiffs assert claims for consumer fraud in violation of the NJCFA (*see id.* ¶¶ 47-54); consumer fraud in violation of state consumer protection acts (*see id.* ¶¶ 55-59); and unjust enrichment (*see id.* ¶¶ 60-66). Plaintiffs seek to certify a nationwide class of "[a]ll persons that paid for Maximum Strength Robitussin Cough+Chest Congestion DM." (*Id.* ¶ 36; *see also id.* ¶¶ 37-46.) Plaintiffs request compensatory and punitive damages, injunctive relief, and "[a]ll other relief to which [p]laintiff[s] . . . may be entitled at law or in equity." (*See id.*, Prayer for Relief.)

As plaintiffs acknowledge in their Complaint, Pfizer is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. (*Id.* ¶ 10.) Plaintiff Al Haj is an Illinois resident, and plaintiff Woodhams is a Michigan resident. (*Id.* ¶¶ 8, 9.) Plaintiffs generally allege that Pfizer "does business within [Illinois]." (*Id.* ¶ 7.) In its recent order, the Court dismissed the claims asserted by Woodhams for lack of personal jurisdiction, concluding that Pfizer is not "at home" in Illinois for purposes of general jurisdiction, and that there was not a sufficient connection between Pfizer's alleged conduct in Illinois and

Woodhams's "specific" claims for purposes of specific jurisdiction. *Al Haj*, 2018 WL 1784126, at *3, *6.[1]

## ARGUMENT

Pfizer respectfully re-urges the Court to strike the nationwide class allegations but for a different reason. Specifically, personal jurisdiction cannot be exercised over Pfizer as to the claims asserted by non-Illinois class members – a conclusion made clear by its recent order dismissing Woodhams's claims.[2]

In *BMS*, the U.S. Supreme Court held that plaintiffs who are non-residents of a state cannot evade personal jurisdiction principles by joining in a lawsuit with individuals who are residents of the state and whose claims are subject to personal jurisdiction. As the Court explained "[w]hat is needed . . . is a connection between the forum and the ***specific*** claims at issue." *BMS*, 137 S. Ct. at 1781 (emphasis added).

This Court recently recognized that these principles apply equally to class actions, reasoning that the "distinction" between a "state court mass tort suit" and a "federal putative

---

[1] The Court also denied Pfizer's motion to dismiss Al Haj's claims for failure to state a claim and its motion to strike the nationwide class allegations due to variations in state law. *Al Haj*, 2018 WL 1784126, at *6-10.

[2] The Court can and should consider this motion notwithstanding the provision of Rule 12(g) that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from the earlier motion," for several reasons. The first is that courts in the Seventh Circuit "read Rule 12(f) [i.e., the rule relating to motions to strike specifically] to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion." *Williams v . Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991). Second, the motion is also brought pursuant to Rule 23(d)(1)(D), which applies particularly to class actions and is not expressly subject to the same limitation. And third, the Court's denial of Pfizer's initial motion was expressly without prejudice to being revisited at an "appropriate juncture." Pfizer submits that the Court's ruling on personal jurisdiction gives rise to a new basis for striking the nationwide pleadings and that now is the time to consider that issue because it will have an immediate effect on the proper scope of plaintiff's discovery requests, which have already sought nationwide sales data that would plainly be irrelevant and unduly burdensome if this case were properly narrowed to a single-state putative class action.

3

class action . . . makes no difference." *Al Haj*, 2018 WL 1784126, at *6. As the Court explained, "[n]othing in *Bristol-Myers* suggests that it does not apply to named plaintiffs in a putative class action; rather, the [Supreme] Court reaffirmed a generally applicable principle—that due process requires a 'connection between the forum and the specific claims at issue.'" *Id.* (quoting *BMS*, 137 S. Ct. at 1781);[3] *see also In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696 (BMC)(GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (the "constitutional requirements of due process do[] not wax and wane when the complaint is individual or on behalf of a class"). After all, "Rule 23's [class action] requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that [federal court] rules of procedure 'shall not abridge, enlarge or modify any substantive right.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting 28 U.S.C. § 2072(b)). Accordingly, "[u]nder the Rules Enabling Act, a defendant's due process interest should be the same in the class context." *Practice Mgmt. Support Servs., Inc. v. Cirque Du Soleil Inc.*, No. 14 C 2032, 2018 U.S. Dist. LEXIS 39754, at *47 (N.D. Ill. Mar. 12, 2018) (Durkin, J.) (applying *BMS* to absent class members). In short, "[p]ersonal jurisdiction in class actions must comport with due process just the same as any other case." *In re Dental Supplies*, 2017 WL 4217115, at *9.

Consistent with this principle, multiple courts have applied the reasoning of *BMS* to bar nationwide class allegations "in a for[u]m . . . where there is no general jurisdiction over the [d]efendants." *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (Leinenweber, J.) (construing *BMS* as "outlaw[ing]" such nationwide class

---

[3] Although the Court framed its reasoning in terms of "named plaintiffs in a putative class action" rather than absent class members, that is presumably the result of Pfizer having moved to dismiss the claims of a named plaintiff. Pfizer does not read that language to suggest that *BMS* would not apply to putative class members as well, and other courts have suggested it does.

4

actions); *see also, e.g., Practice Mgmt.,* 2018 U.S. Dist. LEXIS 39754, at *58 (*BMS* "prevents it from exercising personal jurisdiction over defendants with respect to the claims of non-Illinois-resident class members"); *Anderson v. Logitech, Inc.*, No. 17 C 6104, 2018 WL 1184729, at *1 (N.D. Ill. Mar. 7, 2018) (Leinenweber, J.) ("[A] nationwide class action is not significantly different from a mass tort suit involving a multitude of individual claims. The putative nationwide class action claims are stricken."); *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) (Ellis, J.) (dismissing claims alleged against out-of-state defendant on behalf of out-of-state class members for lack of jurisdiction); *In re Dental Supplies*, 2017 WL 4217115, at *9 (dismissing class claims alleged against out-of-state defendant); *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017) (transferring case and "also not[ing] that it lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class") (citing *BMS*, 137 S. Ct. 1773).[4]

For example, in *McDonnell*, plaintiff commenced a putative class action against the manufacturer of energy supplements that were allegedly falsely advertised as being "Made in the USA." 2017 WL 4864910, at *1. In addition to seeking to represent a class of Illinois purchasers of the product under the ICFA, the plaintiff also sought to represent **non**-Illinois purchasers under seven other states' consumer fraud laws. *Id.* According to the court, "[a]lthough these individuals [were] not named plaintiffs, the analysis used in *Bristol-Myers Squibb Co.* [was] instructive in considering whether the court ha[d] personal jurisdiction over the claims [plaintiff] assert[ed] on their behalf against [the defendant]." *Id.* at *4. Of most relevance

---

[4] As the parentheticals indicate, courts have used the words "dismiss" and "strike" interchangeably. Because it is clear on the face of the pleadings, as elucidated by the Court's recent order, that the nationwide class allegations fail for lack of personal jurisdiction, it makes no difference whether the court's ruling is couched in terms of dismissing or striking the nationwide class allegations.

here, the court stressed that "[t]he second amended complaint d[id] not include [any] allegations connecting [defendant's] activities in Illinois . . . to purchasers of [the] products outside of Illinois so as to provide the Court with specific jurisdiction over these claims." *Id.* As a result, the non-Illinois purchasers "ha[d] no injury arising from [defendant's] forum-related activities in Illinois"; "[i]nstead, any injury they suffered occurred in the state where they purchased the products." *Id.* Because specific jurisdiction as to the claims of the out-of-state class members could not be based on the named plaintiff's purchase of the product in Illinois, the court dismissed the claims brought on behalf of the non-Illinois residents. *Id.*[5]

The Court's recent order makes clear that Al Haj's proposed nationwide class founders under the same straightforward and fundamental principle. With respect to general jurisdiction, this Court resolved that "Pfizer's ties to Illinois are [not] sufficient to make this the exceptional case where Pfizer" – a corporation that is not incorporated in Illinois and does not have its principal place of business there – "is nevertheless 'at home' in Illinois" for purposes of general jurisdiction. *Al Haj*, 2018 WL 1784126, at *3. In so doing, the Court rejected Woodhams's arguments that general jurisdiction could be exercised over Pfizer in Illinois based on the fact that it has employees in the state; has been sued there in prior cases; and has an agent authorized to receive corporate correspondence. *Id.* at *4-5. As to specific jurisdiction, the Court reasoned that "the identity between Al Haj's and Woodhams's claims is not enough to confer personal jurisdiction on an Illinois court over Woodhams's claims." *Id.* at *6. In other words, "the fact that Al Haj 'sustained the same injur[y]' as Woodhams 'does not allow [Illinois] to assert specific jurisdiction over [Woodhams's] claims,' given that Woodhams does not 'claim to have

---

[5] The court did not address the issue of general jurisdiction because the plaintiff did not dispute that general jurisdiction was lacking. *McDonnell*, 2017 WL 4864910, at *4.

suffered harm in [Illinois]' and 'all the conduct giving rise to [his] claims occurred' in Michigan" – ***the state where he purchased the allegedly deceptively marketed Robitussin***. *Id.* (alteration in original) (quoting *BMS*, 137 S. Ct. at 1781-82).

At bottom, this Court recently concluded that there is no ***general jurisdiction*** over Pfizer in Illinois, and only claims arising out of alleged purchases of Robitussin in Illinois (e.g., by ***Illinois*** class members) can give rise to ***specific jurisdiction*** over Pfizer in that forum. Now that the Court has so ruled, it is plain that the nationwide class allegations are legally deficient for lack of personal jurisdiction as well. Accordingly, the nationwide class should be stricken.[6]

## CONCLUSION

For the foregoing reasons, the Court should grant Pfizer's renewed motion to strike the nationwide class allegations.

---

[6] Pfizer did not waive this personal jurisdiction challenge by not raising it in its initial motion to strike. As Al Haj and the Court are aware, Pfizer initially moved to dismiss the claims of the other named plaintiff for lack of personal jurisdiction. Once the Court granted that motion and issued its core general and specific jurisdiction holdings, it became clear that personal jurisdiction was also lacking with respect to the claims on behalf of the putative nationwide class members. Thus, a finding of waiver would be unfounded as a matter of fact. Moreover, a finding of waiver would be illogical as a matter of law since the "unnamed, nonresident class members" would not be parties unless and until the putative class is certified. *See Practice Mgmt.*, 2018 U.S. Dist. LEXIS 39754, at *52-53 (finding no basis for waiver where defendant challenged personal jurisdiction as to the claims asserted by nonresident class members ***at class certification stage*** because "[t]hose unnamed, nonresident class members were not even parties to the litigation until now."); *id.* at 53 ("'argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*' is 'novel and surely erroneous'") (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 314 (2011). This Court's decision in *Greene v. Mizuho Bank, Ltd.*, No. 14 C 1437, 2017 WL 7410565 (N.D. Ill. Dec. 11, 2017), is not to the contrary. That case involved the failure to timely raise the personal jurisdiction argument as to a ***named*** plaintiff, which the Court ***excused*** in any event given the seminal nature of *BMS*. *Id.* at *5-6. It did not remotely address the situation here.

| | |
|---|---|
| Dated: April 24, 2018 | Respectfully submitted, |
| | /s/ Gregory S. Bailey |
| John H. Beisner | Gregory S. Bailey |
| Jessica Davidson Miller | SKADDEN, ARPS, SLATE, |
| SKADDEN, ARPS, SLATE, |   MEAGHER & FLOM LLP |
|   MEAGHER & FLOM LLP | 155 North Wacker Drive |
| 1440 New York Avenue, N.W. | Chicago, Illinois 60606 |
| Washington, D.C. 20005-2111 | (312) 407-0700 |
| (202) 371-7000 | gregory.bailey@skadden.com |
| john.beisner@skadden.com | |

ATTORNEYS FOR DEFENDANT PFIZER INC.

## **CERTIFICATE OF SERVICE**

I, Gregory S. Bailey, hereby certify that the foregoing Memorandum of Law in Support of Renewed Motion to Strike the Nationwide Class Allegations was served on counsel of record through the CM/ECF system on April 24, 2018.

s/Gregory S. Bailey
Gregory S. Bailey
Counsel for Pfizer Inc.
