**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KARMEL AL HAJ, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>PFIZER INC.,<br><br>   Defendant. | No. 17-cv-6730<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Susan E. Cox |

**RESPONSE IN OPPOSITION TO DEFENDANT PFIZER INC.'S
<u>RENEWED MOTION TO STRIKE THE NATIONWIDE CLASS ALLEGATIONS</u>**

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STANDARD OF REVIEW | 2 |
| III. | ARGUMENT | 2 |
| | A. The Court should reject Pfizer's "renewed" motion as a motion for reconsideration based on no new or intervening law. | 2 |
| | B. *Bristol-Meyers* does not require the Court to strike Plaintiff's class allegations. | 3 |
| |     1. The due-process protections inherent in Rule 23 and the differences between named plaintiffs and absent class members matter. | 3 |
| |     2. The overwhelming majority of courts confirm that unnamed class members are irrelevant to the personal jurisdiction inquiry. | 9 |
| IV. | CONCLUSION | 13 |

## TABLE OF AUTHORITIES
**Page(s)**

### CASES

*Al Haj v. Pfizer, Inc.*,
 2018 WL 1784126 (N.D. Ill. Apr. 13, 2018) ............................................................................2

*Aliano v. Quaker Oats Co.*,
 2017 WL 56638 (N.D. Ill. Jan. 4, 2017) ..................................................................................6

*Alvarez v. NBTY, Inc.*,
 2017 WL 6059159 (S.D. Cal. Dec. 6, 2017) .......................................................................3, 11

*Anderson v. Logitech, Inc.*,
 2018 WL 1184729 (N.D. Ill. Mar. 7, 2018) ...........................................................................12

*Appleton Elec. Co. v. Advance-Untied Expressways*,
 494 F.2d 126 (7th Cir. 1974) ...................................................................................................4

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*,
 906 F.2d 1185 (7th Cir. 1990) .................................................................................................3

*In re Brand Name Prescription Drugs Antitrust Litig.*,
 115 F.3d 456 (7th Cir. 1997) ...................................................................................................9

*Bristol-Meyers Squibb Co. v. Super. Ct. of Cal.*,
 __ U.S. __, 137 S. Ct. 1773 (2017) ................................................................................. passim

*Casso's Wellness Store & Gym, LLC v. Spectrum Lab. Prods., Inc.*,
 2018 WL 1377608 (E.D. La. Mar. 19, 2018) ....................................................................6, 10

*Chernus, et al. v. Logitech, Inc.*,
 2018 WL 1981481 (D.N.J. Apr. 27, 2018) .......................................................................10, 12

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
 2017 WL 5971622 (E.D. La. Nov. 28, 2017) .....................................................................7, 11

*Coleman v. Labor & Indus. Review Comm'n of Wisconsin*,
 860 F.3d 461 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018) ......................................8, 9

*Cooper v. Fed. Reserve Bank*,
 467 U.S. 867 (1984) .................................................................................................................7

*Curtis v. Wheaton Franciscan Servs.*,
 2016 WL 6432579 (N.D. Ill. Oct. 31, 2016) ...........................................................................8

*Day v. Air Methods Corp.*,
   2017 WL 4781863 (E.D. Ky. Oct. 23, 2017) ............................................................................ 10

*DeBernardis v. NBTY, Inc.*,
   2018 WL 461228 (N.D. Ill. Jan. 18, 2018) .............................................................................. 12

*Devlin v. Scardelletti*,
   536 U.S. 1 (2002) ..................................................................................................................... 8

*In re Fedex Ground Package Sys., Inc., Emp't Practices Litig.*,
   2007 WL 733753 (N.D. Ind. Mar. 5, 2007) .............................................................................. 9

*Feller v. Transamerica Life Ins. Co.*,
   2017 WL 6496803 (C.D. Cal. Dec. 11, 2017) .................................................................... 4, 11

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
   2017 WL 4224723 (N.D. Cal. Sep. 22, 2017) ..................................................................... 6, 10

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982) .................................................................................................................. 5

*Greene v. Mizuho Bank, Ltd.*,
   289 F. Supp. 3d 870 (N.D. Ill. 2017) .................................................................................... 2, 5

*Molock v. Whole Foods Mkt., Inc.*,
   2018 WL 1342470 (D.D.C. Mar. 15, 2018) ..................................................................... 6, 7, 10

*In re Morning Song Bird Food Litig.*,
   2018 WL 1382746 (S.D. Cal. Mar. 19, 2018) ......................................................................... 10

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ......................................................................................................... *passim*

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
   2012 WL 1533221 (N.D. Ill. Apr. 27, 2012) ............................................................................ 9

*Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*,
   2018 WL 1255021 (N.D. Ill. Mar. 12, 2018) .......................................................................... 12

*Sanchez v. Launch Tech. Workforce Solutions, LLC*,
   No. 1:17-cv-01904-ELR-AJB, *slip op.* (N.D. Ga. Jan. 26, 2018), *adopted at*
   2018 WL 942963 (N.D. Ga. Feb. 14, 2018) .................................................................... *passim*

*Smith v. Bayer Corp.*,
   564 U.S. 299 (2011) .................................................................................................................. 8

*Strohbehn v. Access Grp. Inc.*,
   292 F. Supp. 3d 819 (E.D. Wis. 2017) ..................................................................................... 2

*Swamy v. Title Source, Inc.*,
  2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) ....................................................................... 11

*Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*,
  2018 WL 1701994 (M.D. Fla. Apr. 4, 2018) ......................................................................... 10

*Weisheit v. Rosenberg & Assocs., LLC*,
  2018 WL 1942196 (D. Md. Apr. 25, 2018) .......................................................................... 12

# I. INTRODUCTION

In offering its "renewed" motion to strike Plaintiff's class allegations, Pfizer seeks to limit the case to a single-state class action, all without the benefit of class certification briefing. Calling again on *Bristol-Meyers Squibb Co. v. Superior Court of California*, __ U.S. __, 137 S. Ct. 1773 (2017), Pfizer proclaims that the Court's dismissal of Mr. Woodhams' claims also compels the dismissal of the nationwide class allegations. Pfizer's motion should be denied.

First, Pfizer's "renewed" motion to strike is essentially a motion for reconsideration. The Court denied Pfizer's initial motion to strike Plaintiff's nationwide or multi-state class allegations. But in renewing its motion, Pfizer relies on no new controlling law or any other special circumstances to call for a different result. It could have (and should have) raised its jurisdictional arguments earlier.

Second, the jurisdictional inquiry begins—and ends—with the named plaintiff to the litigation. Importantly, at no point did *Bristol-Meyers* consider the applicability of the settled principles of personal jurisdiction to absent class members or the impact of Rule 23. Nor did *Bristol-Meyers* overturn the Supreme Court's holdings in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985), i.e., (1) that a "forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant" and (2) that individual members of a plaintiff class need not satisfy the "minimum contacts" test in order for the forum court to exercise personal jurisdiction of them. *Id.* at 811. Thus, the majority of courts to have considered the same argument raised by Pfizer here have rejected it.

Accordingly, Plaintiff respectfully requests that the Court again deny Pfizer's request to strike class allegations in its entirety.

010706-11 1032645 V1

## II. STANDARD OF REVIEW

"In resolving [a] Rule 12(f) motion[], the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions." *Al Haj v. Pfizer, Inc.*, 2018 WL 1784126, at *1 (N.D. Ill. Apr. 13, 2018) (citations omitted). "The standard of review applied to such motions is incredibly deferential" to the non-moving party. *Strohbehn v. Access Grp. Inc.*, 292 F. Supp. 3d 819, 832 (E.D. Wis. 2017).

## III. ARGUMENT

**A. The Court should reject Pfizer's "renewed" motion as a motion for reconsideration based on no new or intervening law.**

First, Pfizer previously sought to strike nationwide class allegations and the Court denied that request. Pfizer also previously made personal jurisdiction arguments but failed to offer them in connection with the previous motion to strike.[1] Pfizer's motion should be rejected as Pfizer relies on existing law (*Bristol-Meyers Squibb Co. v. Superior Court of California*) as the basis to assert arguments that it could have made—but failed to make—in its previous motion to strike class allegations. As this Court observed in *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870 (N.D. Ill. 2017), "Rule 54(b) provides that non-final orders may be revised at any time before the entry of a judgment adjudicating all the claims and all parties' rights and liabilities." *Id.* at 873 (citation and quotations omitted). Thus, under the law of the case doctrine, this Court may reconsider its earlier ruling(s) "'if an intervening change in the law, or some other special circumstance, warrants reexamining the claim.'" *Id.* (quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2006)).

---

[1] Likely recognizing this fact, Pfizer preemptively tucks numerous waiver-related statements into its footnotes. *See, e.g.,* Dkt. # 62 at 3 n.2; 7 n.6.

But unlike in *Greene*, where the Court faced a reconsideration motion after the issuance of *Bristol-Meyers Squibb Co. v. Superior Court of California*, __ U.S. __, 137 S. Ct. 1773 (2017), Pfizer points to no such similar circumstance. Instead, Pfizer had the ability to invoke *Bristol-Meyers* when it filed its failed motion to strike class allegations and/or its jurisdictional motion against Mr. Woodhams.² *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("[A] basis for a motion to reconsider [is] a controlling or significant change in the law or facts since the submission of the issue to the [c]ourt.") (citation omitted). Many of the cases Pfizer offers as support for its motion were issued before the Court's April 18, 2018 ruling in this case. *See, e.g.,* Dkt. # 62 at 4-6 (citing *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 4864910, at *1 (N.D. Ill. Oct. 26, 2017); *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-000165-PHX-DLR, 2017 WL 4357916, at *1 (D. Ariz. Oct. 2, 2017); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018)). The Court should deny Pfizer's motion.

**B.** ***Bristol-Meyers*** **does not require the Court to strike Plaintiff's class allegations.**

    **1.**    **The due-process protections inherent in Rule 23 and the differences between named plaintiffs and absent class members matter.**

To start, the due-process protections inherent in Rule 23 and the differences between named plaintiffs and absent class members counsels against extending *Bristol-Meyers* to the claims of unnamed class members. As the Court correctly noted during the initial hearing on Pfizer's motion, "[t]here is a difference, a significant juridical difference between a named party

---

² Even Pfizer's reliance on *Bristol-Meyers* is weak given the Supreme Court's statement that the decision did not reflect a change in law. *See Bristol-Myers*, 137 S. Ct. at 1781 ("Our settled principles ... control this case."). *See also Alvarez v. NBTY, Inc.*, 2017 WL 6059159, at *4 n.2 (S.D. Cal. Dec. 6, 2017) (holding that personal jurisdiction defense was previously available because *Bristol-Myers* did not overturn controlling precedent).

that's before the court and an absent class member." Transcript of Hearing at 6. Yet, even though "Rule 23 must be interpreted to allow inclusion of all class members, whatever their connection with the forum," *Appleton Elec. Co. v. Advance-Untied Expressways*, 494 F.2d 126, 140 (7th Cir. 1974), Pfizer seeks an application of *Bristol-Meyers* that will destroy multi-state class actions and ignore Rule 23.

In *Bristol-Meyers*, nearly 700 plaintiffs injured by the drug Plavix filed eight products liability actions in California state court against Bristol-Meyers Squibb, a New York-headquartered, Delaware-incorporated company. *Bristol-Meyers*, 137 S. Ct. at 1778. Just 86 plaintiffs were from California, while 592 were residents of 33 other states. *Id*. The Supreme Court held that California lacked specific jurisdiction *over the non-resident named plaintiffs' claims* because the "loose and spurious form of general jurisdiction" permitted by the state contradicted "settled principles of personal jurisdiction" expected of named plaintiffs, thus exceeding the due process limits of the Fourteenth Amendment to the U.S. Constitution. *Id.* at 1781-84. So "[i]n order for a court to exercise specific jurisdiction over a claim," the Supreme Court reiterated that the named plaintiffs must have "an affiliation between the forum and the underlying controversy, principally an activity or occurrence that takes place in the forum state." *Id.* at 1780-81. The Supreme Court left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1783-84 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 102 n.5 (1987)).

Importantly, at no point did the *Bristol-Meyers* Court consider the applicability of the settled principles of personal jurisdiction to absent class members or the impact of Rule 23.[3] Nor

---

[3] And reflecting this fact at least one court has certified a nationwide class post-*Bristol-Meyers* despite arguments like Pfizer's here. *See Feller v. Transamerica Life Ins. Co.*, 2017 WL 6496803, at *17 (C.D. Cal. Dec. 11, 2017) (noting that *Bristol-Meyers*, "did not address the

did *Bristol-Meyers* overturn the Court's holdings in *Shutts*, 472 U.S. at 811, i.e., (1) that a "forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant," *id.*, and (2) that "individual members of a plaintiff class…need not satisfy the 'minimum contacts' test in order for [the] forum court to exercise personal jurisdiction of them," a conclusion reached "in large part upon the due-process protections provided by class-action procedural requirements." *Sanchez v. Launch Tech. Workforce Solutions, LLC*, No. 1:17-cv-1904-ELR-AJB, Dkt. # 41, *United States Magistrate Judge's Final Report & Recommendation* ("*Sanchez* R&R"), at p. 10 (N.D. Ga. Jan. 26, 2018) (citing *Shutts*, 472 U.S. at 811), *adopted at* 2018 WL 942963 (N.D. Ga. Feb. 14, 2018). Thus, "once a court properly asserts personal jurisdiction over the putative class representative's claims," it remains true that the Court "also has jurisdiction over the claims of nonresident absent class members." *Greene*, 289 F. Supp. 3d at 875.

While Pfizer suggests that the Court would not have specific jurisdiction over the individual claims asserted by absent class members because there is no connection between their individual claims and Pfizer's activities within Illinois, *see* Dkt. # 62 at 6-7, "[t]he class-action device was designed as an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (internal quotation omitted). So unlike a party "in a normal civil suit, an absent class action plaintiff is not required to do anything. He may sit back and allow the litigation to run its

---

narrow issue of whether its opinion 'would also apply to a class action in which *a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs*, not all of whom were injured there'" and certifying nationwide class) (quoting *Bristol-Meyers*, 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting)) (emphasis added).

- 5 -

010706-11 1032645 V1

course, content in knowing that there are safeguards provided for his protection." *Shutts*, 472 U.S. at 810-11. As a result, the jurisdictional inquiry does not (and should not) extend past the named plaintiffs in a class action. *Casso's Wellness Store & Gym, LLC v. Spectrum Lab. Prods., Inc.*, 2018 WL 1377608, at *5 (E.D. La. Mar. 19, 2018). *See also Sanchez* R&R at 14; *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *5 (N.D. Cal. Sep. 22, 2017).

First, unlike a non-class case or "in a mass tort action [where] each plaintiff is a real party in interest to the complaints; by contrast, in a putative class action, 'one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the 'named plaintiffs' are the only plaintiffs actually named in the complaint.'" *Molock v. Whole Foods Mkt., Inc.*, 2018 WL 1342470, at *6 (D.D.C. Mar. 15, 2018) (quoting *Fitzhenry-Russell*, 2017 WL 4224723, at *5).[4] Because "the plaintiff seeking to represent the class is the only plaintiff named in the complaint…his claims—not the unnamed non-resident members—are relevant to the personal jurisdiction inquiry." *Casso's*, 2018 WL 13377608, at *5. Ultimately, "for the determination of specific personal jurisdiction in a class action, 'it is the named plaintiff's claim that must arise out of or result from the defendant's forum-related activities, not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification.'" *Aliano v. Quaker Oats Co.*, 2017 WL 56638, at *4 (N.D. Ill. Jan. 4, 2017) (quoting *Ambriz v. Coca Cola Co.*, No. 13-CV-03539-JST, 2014 WL 296159, at *6 (N.D. Cal. Jan. 27, 2014)).

Second, while Pfizer attempts to draw on the "superficial similarities" between mass tort actions and class actions, "there is, nevertheless, [another] significant difference: a class action

---

[4] Even Pfizer concedes that absent class members are not parties, noting that unnamed class members are not parties unless and until the putative class is certified. Dkt. # 62 at 7 n.6.

has different due process safeguards." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2017 WL 5971622, at *14 (E.D. La. Nov. 28, 2017). At its core, *Bristol-Meyers* sought to protect such due-process concerns by reiterating that the forum must have specific jurisdiction over the defendant based on the named plaintiff's claims. *See Bristol-Myers*, 137 S. Ct. at 1783-84 (noting "our decision concerns the due process limits on the exercise of specific jurisdiction by a State"). But "for a case to qualify for class action treatment, it needs to meet the additional due process standards for class certification under Rule 23—numerosity, commonality, typicality, adequacy of representation, predominance and superiority." *Molock*, 2018 WL 1342470, at *6 (citing Fed. R. Civ. P. 23 (a) & (b)). "These additional elements of a class action supply due process safeguards not applicable in the mass tort context." *Id*. They "ensure that the defendant is presented with a unitary, coherent claim to which it need respond only with a unitary, coherent defense" such that there is "no unfairness in haling the defendant into court to answer to it in a forum that has specific jurisdiction over the defendant based on the representative's claim." *Sanchez* R&R at 12. *See also id.* (concluding "if due process was not offended in *Shutts*, a class-action in State court with absent non-resident plaintiff class members, 472 U.S. at 808, 105 S. Ct. 2965, it is not offended by a potential class-action in federal court where the plaintiff class is made up in part with non-resident members"). Rule 23's due-process protections also protect Pfizer from follow-on litigation, as it can obtain a binding class-wide judgment to preclude subsequent suits by purchasers complaining of DM Max as "a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 874 (1984). As a result, "the due-process concerns driving dismissal of the claims of non-resident plaintiffs in *Bristol-Meyers*" are not "offended by a potential class-action in federal court where the plaintiff class is made up in part with non-

resident members" and where the court has specific jurisdiction over the defendant based on the named plaintiff's claim. *Sanchez* R&R at 12.

Furthermore, because absent class members may "sit back and allow the litigation to run its course" *Shutts*, 472 U.S. at 810-11, absent class members are exempted from a variety of requirements otherwise expected of a named plaintiff. These differences also sustain the conclusion that the jurisdictional inquiry does not (and should not) extend past the named plaintiffs in a class action. For example, absent class members are not expected to file a lawsuit in order to preserve their statute of limitations. *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974)). Without this rule, absent class members "would be forced to intervene to preserve their claims, and one of the major goals of class action litigation—to simplify litigation involving a large number of class members with similar claims—would be defeated." *Id.*[5] And while named plaintiffs must meet venue requirements, absent class members need not individually satisfy venue requirements. *See Curtis v. Wheaton Franciscan Servs.*, 2016 WL 6432579, at *7 (N.D. Ill. Oct. 31, 2016) ("'In focusing only on the representative parties, courts generally recognize that venue is intimately connected to and predicated upon the personal appearance of the party and that therefore, in class actions, the relevant venue question is whether venue is proper as among parties who have in fact been brought personally before the court as named parties to the action.'") (quoting William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 6:36 (5th ed. 2016)) (internal quotation omitted). In addition, unnamed class members "citizenship does not matter for diversity purposes." *Coleman*

---

[5] Thus, while "an unnamed member of a certified class may be 'considered a 'party' for the [particular] purpos[e] of appealing' an adverse judgment," as the Court recognized, "no one in [*Devlin*] was 'willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation before the class is certified.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (quoting and citing *Devlin*, 536 U.S. at 7, 16 n.1).

*v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461, 474 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 739 (2018). Nor are absent class members expected to take part in discovery. *See, e.g., In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 2012 WL 1533221, at *1 (N.D. Ill. Apr. 27, 2012) ("[A]bsent class members are not required to submit to discovery as a matter of course" but may be subject to discovery when the court is "assured that the requested information is actually needed in preparation for trial and that the discovery devices are not used to take unfair advantage of absent class members or as a stratagem to reduce the number of claimants."); *In re Fedex Ground Package Sys., Inc., Emp't Practices Litig.*, 2007 WL 733753, at *7 (N.D. Ind. Mar. 5, 2007) (noting that "absent class members are generally given a 'free ride' under Fed. R. Civ. P. 23"). And absent class members are prohibited from invoking certain rights otherwise available to named plaintiffs, *e.g.*, absent class members cannot file their own appeals from adverse judgments, other than settlement approvals to which they objected. *In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 458 (7th Cir. 1997).

Thus, because absent class members are *not* "similar enough to named plaintiffs for purposes of the personal jurisdiction analysis that *BMS* applies to absent class members," Transcript of Hearing at 7, and because the personal jurisdiction inquiry begins and ends with the named plaintiff, Pfizer's motion should be denied.

    **2. The overwhelming majority of courts confirm that unnamed class members are irrelevant to the personal jurisdiction inquiry.**

Given *Shutts*, the differences between named plaintiffs and absent class members and the due-process protections provided to the parties by Rule 23, the majority of courts nationwide have held that the jurisdictional inquiry looks only to a named plaintiff's claims. While Pfizer cites Northern District of Illinois decisions applying *Bristol-Meyers* to the claims of absent class members, Dkt. # 62 at 4-6, Pfizer fails to disclose that cases outside the district have "universally

- 9 -
010706-11 1032645 V1

held that in a putative class action 1) courts are only concerned with the jurisdictional obligations of the named plaintiffs; and 2) unnamed class members are irrelevant to the question of specific jurisdiction."  *Chernus, et al. v. Logitech, Inc.*, 2018 WL 1981481, at *7 (D.N.J. Apr. 27, 2018).

This extensive body of persuasive case law directly counsels against Pfizer's requested relief.  *See Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 2018 WL 1701994, at *6 (M.D. Fla. Apr. 4, 2018) (rejecting *Bristol-Meyers* attack in Florida litigation that the class definition was not limited to putative class members in Florida where "the 'named plaintiffs' are the only plaintiffs actually named in the complaint") (citation omitted); *Casso's*, 2018 WL 1377608, at *5 ("Unlike *Bristol-Meyers*, which involved a mass tort action where each plaintiff was a named plaintiff, the plaintiff seeking to represent the class is the only plaintiff named in the complaint, and his claims—not the unnamed non-resident members—are relevant to the personal jurisdiction inquiry."); *Molock*, 2018 WL 1342470, at *6 (explaining that "in a putative class action, one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the named plaintiffs' are the only plaintiffs actually named in the complaint," and thus, it is only the named plaintiffs that are considered in the jurisdictional analysis); *In re Morning Song Bird Food Litig.*, 2018 WL 1382746, at *5 (S.D. Cal. Mar. 19, 2018) ("claims of unnamed class members are irrelevant to the question of specific jurisdiction"); *Sanchez* R&R at 15 (holding that "claims asserted in a class action . . . are prosecuted through representatives on behalf of absent class members"); *Day v. Air Methods Corp.*, 2017 WL 4781863, at *2 (E.D. Ky. Oct. 23, 2017) ("[T]he inquiry for personal jurisdiction lies with the named parties of the suit asserting their various claims against the defendant, not the unnamed proposed class members."); *Fitzhenry-Russell*, 2017 WL 4224723, at *5 ("In a putative class action . . . one or more plaintiffs seek to represent the rest of the similarly situated plaintiffs, and the 'named plaintiffs' are the

only plaintiffs actually named in the complaint[,]" and in a mass tort action "like the one in *Bristol-Myers*, each plaintiff was a real party in interest to the complaints, meaning that they were named as plaintiffs in the complaints."); *Feller*, 2017 WL 6496803, at *17 (considering the distinctions between mass and class actions and concluding that the Court "thus has personal jurisdiction over Transamerica as to *all* putative members in the National Class") (emphasis in original); *Alvarez*, 2017 WL 6059159, at *5-6 (ruling that "a defendant can challenge personal jurisdiction relating to each named plaintiff in a class action" and that *Bristol-Meyers'* "holding did not create a new defense for Defendants that was not available before its decision"); *In re Chinese-Manufactured Drywall*, 2017 WL 5971622, at *12 (noting that "*BMS* would not affect the jurisdictional holding in the present case" since "the citizenship of the unnamed plaintiffs is not taken into account for personal jurisdiction purposes") (citation and quotation omitted); *Swamy v. Title Source, Inc.*, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017) (finding that the court had personal jurisdiction by virtue of the specific jurisdiction established by the sole named plaintiff's claims).

While Pfizer cites to cases in the Northern District of Illinois to support its arguments, those decisions have been criticized as unpersuasive and/or lacking analysis. For example, *Sanchez* rejected the analysis in *McDonnell v. Nature's Way* and *Wenokur v. AXA Equitable Life Ins.* as offering little more than conclusions:

> The Court is aware, based on its own research, that there are cases where district courts have found that *Bristol–Myers* precludes a finding of personal jurisdiction over the claims of non-resident plaintiff class members, but they contain little analysis and the Court therefore does not find them persuasive. *See, e.g., McDonnell v. Nature's Way Prods., LLC,* No. 16 C 5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017) (presuming that *Bristol–Myers* requires dismissal of non-residents class members' claims without explaining why *Bristol–Myers* would apply in a class-action suit); *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-

- 11 -

010706-11 1032645 V1

> 000165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. 2017)
> (stating, without analysis, that in light of *Bristol–Myers*, the court
> lacked personal jurisdiction over the non-resident claims and
> therefore would not be able to certify a nationwide class)… .

*Sanchez* R&R at 16 n.9.  Similarly, the same judge in two other cases presumed there was little difference between class actions and mass torts without sufficient analysis.  *See DeBernardis v. NBTY, Inc.*, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (Leinenweber, J.) (stating "that it is more likely than not based on the Supreme Court's comments about federalism that the courts will apply *Bristol-Myers Squibb* to outlaw nationwide class actions in a forum, such as in this case, where there is no general jurisdiction over the Defendants"); *Anderson v. Logitech, Inc.*, 2018 WL 1184729, at *1 (N.D. Ill. Mar. 7, 2018) (Leinenweber, J.) (concluding that "it still appears to the Court that a nationwide class action is not significantly different from a mass tort suit involving a multitude of individual claims").  And multiple courts have rejected *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 2018 WL 1255021, at *1 (N.D. Ill. Mar. 12, 2018), as inconsistent with the weight of authority.  *See, e.g., Weisheit v. Rosenberg & Assocs., LLC*, 2018 WL 1942196, at *5 (D. Md. Apr. 25, 2018); *Chernus*, 2018 WL 1981481, at *7.  Moreover, *Practice Management* did not consider the differences between named plaintiffs and absent class members or the due-process protections provided by Rule 23.  *Practice Mgmt.*, 2018 WL 1255021, at *15-16.  Nor does it appear that the court even considered the national weight of authority in ruling on the jurisdictional issue, let alone the underlying arguments in the weight of authority.  *Id.*  Such flaws support this Court's rejection of *Practice Management* as well.

    In sum, the Court should deny Pfizer's motion.

## IV. CONCLUSION

Plaintiff Al Haj respectfully requests that the Court deny Defendant's renewed motion to strike in its entirety and further requests the Court grant her all such other relief the Court deems necessary and appropriate.

Dated: May 22, 2018

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: /s/ *Elizabeth A. Fegan*
 Elizabeth A. Fegan
Emily R. Brown
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
(708) 628-4960
beth@hbsslaw.com
emilyb@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Darren Malek
VERITAS LAW GROUP
Kalamazoo Building
5th Floor
107 W. Michigan Avenue
Kalamazoo, Michigan 49007
(269) 270-3500

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 22, 2018, a true and correct copy of the foregoing was filed electronically via CM/ECF, which caused notice to be sent to all counsel of record.

/s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
