UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARMEL AL HAJ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>PFIZER INC.,<br><br>                Defendant. | 17 C 6730<br><br>Judge Gary Feinerman |

### MEMORANDUM OPINION AND ORDER

On behalf of himself and a putative nationwide class, Karmel Al Haj alleges in this diversity suit that Pfizer Inc. deceives consumers by charging more for "Maximum Strength" Robitussin cough syrup than for "Regular Strength" Robitussin even though the former has a lower concentration of active ingredients than the latter. Doc. 1. Applying *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017), the court granted Pfizer's motion under Civil Rule 12(b)(2) to dismiss the claims of Al Haj's co-plaintiff, Timothy Woodhams, for lack of personal jurisdiction; the court, however, denied Pfizer's motion under Rules 12(b)(6) and 12(f) to dismiss Al Haj's claims and to strike the complaint's nationwide class claims. Docs. 59-60 (reported at 2018 WL 1784126 (N.D. Ill. Apr. 13, 2018)). Familiarity with the court's earlier opinion is assumed.

In this sequel to its first motion, Pfizer moves the court to strike the complaint's nationwide class allegations on the ground that, under *Bristol-Myers*, Pfizer is not subject to specific jurisdiction as to absent class members whose claims lack the requisite nexus to Illinois. Doc. 61. The cases have split on the question whether *Bristol-Myers* requires that, for an absent class member to be part of the class, and assuming the defendant is not subject to general

1

jurisdiction, the court must have specific jurisdiction over the defendant as to that class member's claim. Some courts hold that "*Bristol-Myers* does not require a court to assess personal jurisdiction with regard to … non-resident putative class members." *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 127 (D.D.C. 2018); *accord*, *e.g.*, *Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1365 (N.D. Ga. 2018) (similar); *Feller v. Transam. Life Ins. Co.*, 2017 WL 6496803, at *17 (C.D. Cal. Dec. 11, 2017) (similar); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2017 WL 5971622, at *14 (E.D. La. Nov. 30, 2017) ("[T]his Court has personal jurisdiction over nonresident class members and has the power to do what many courts before it have done—approve a nationwide class and proceed with the action."). Other courts hold the opposite—that *Bristol-Myers* requires personal jurisdiction to be assessed as to each absent class member. *See*, *e.g.*, *Chavez v. Church & Dwight Co.*, 2018 WL 2238191, at *11 (N.D. Ill. May 16, 2018) ("The Court therefore concludes that *Bristol-Myers* extends to class actions, and that Chavez is therefore foreclosed from representing either a nationwide and multistate class comprising non-Illinois residents in this suit."); *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 860-62 (N.D. Ill. Mar. 12, 2018) (similar); *DeBernardis v. NBTY, Inc.*, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (interpreting "*Bristol-Myers Squibb* to outlaw nationwide class actions in a form, such as in this case, where there is no general jurisdiction over the Defendants").

In this court's view, the first set of decisions has it right. To understand why, it is useful to start with some history. Pfizer does not cite, and the court has no knowledge of, any pre-*Bristol-Myers* decision holding that, in a class action where the defendant is not subject to general jurisdiction, specific jurisdiction must be established not only as to the named plaintiff(s), but also as to the absent class members. The pre-*Bristol-Myers* consensus, rather,

2

was that due process neither precluded nationwide or multistate class actions nor required the absent-class-member-by-absent-class-member jurisdictional inquiry urged by Pfizer.

*Bristol-Myers* does not alter that landscape. The case was a mass action, not a class action. *See* 137 S. Ct. at 1778. That distinction is critical because there are no absent class members in a mass action; rather, "each plaintiff [in a mass action] is a real party in interest to the complaints." *Molock*, 297 F. Supp. 3d at 126. *Bristol-Myers* thus does not address, let alone resolve, whether due process requires that the defendant be subject to specific jurisdiction not only as to the named plaintiff's claims, but also as to the absent class members' claims. *See Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, 2018 WL 1377608, at *5 (E.D. La. Mar. 19, 2018) ("Unlike *Bristol-Myers*, which involved a mass tort action where each plaintiff was a named plaintiff, in a putative class action, the plaintiff seeking to represent the class is the only plaintiff named in the complaint, and his claims—not the unnamed non-resident members[']—are relevant to the personal jurisdiction inquiry."); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) (same).

Indeed, *Bristol-Myers* characterized its holding as a "straightforward application … of settled principles of personal jurisdiction." 137 S. Ct. at 1783. That characterization is hard to square with the extraordinary sea change in class action practice that Pfizer's reading of *Bristol-Myers* would prompt. Had the Supreme Court truly sought to bar certification of nationwide or multistate *class* actions on due process grounds in all but the one or two States where the defendant is subject to general jurisdiction, it implausible that it would have done so obliquely, in a *mass* action, and with the caveat that it was "leav[ing] open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court" as the Fourteenth Amendment does "on the exercise of specific jurisdiction by a State."

3

137 S. Ct. at 1783-84; *see Broomfield v. Craft Brew Alliance, Inc.*, 2017 WL 3838453, at *15 (N.D. Cal. Sept. 1, 2017) ("Regardless of the temptation by defendants across the country to apply the rationale of *Bristol-Myers* to a class action in federal court, its applicability to such cases was expressly left open by the Supreme Court … .").

So, *Bristol-Myers* does not win the day for Pfizer, and its position fares no better when examined against pre-*Bristol-Myers* precedent. The key question here is whether absent class members are parties for purposes of assessing personal jurisdiction over the defendant—if so, then specific jurisdiction must be assessed as to each absent class member's claim, and if not, then not. The question is more complicated than it appears at first glance. As the Supreme Court explained: "Nonnamed class members … may be parties for some purposes and not for others. The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002). Or, as the Seventh Circuit put it: "Rather than adopting a hard-and-fast rule for party status, the [Supreme] Court essentially said 'it depends.'" *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017).

Absent class members "are … parties in the sense that the filing of an action on behalf of the class tolls a statute of limitations against them." *Devlin*, 536 U.S. at 10 (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)). Moreover, when a class is certified, absent class members "are parties … in the sense of being bound by [a class] settlement," *ibid.*, or "judgment," *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985). And absent class members, being bound by a court-approved settlement, are parties for purposes of bringing an appeal to challenge its approval. *See Devlin*, 536 U.S. at 14.

4

Absent class members are not parties for purposes of determining whether there is complete diversity of citizenship in cases governed by state substantive law. *See Devlin*, 536 U.S. at 10; *Coleman*, 860 F.3d at 471. Nor are they parties for purposes of calculating the amount in controversy in diversity suits not brought under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See Snyder v. Harris*, 394 U.S. 332, 338 (1969); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012); *Halperin v. Int'l Web Servs., LLC*, 70 F. Supp. 3d 893, 900 (N.D. Ill. 2014). Absent class members are not parties in the sense that they need not have Article III standing to be part of the class. *See Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 367 (3d Cir. 2015) ("Quite simply, requiring Article III standing of absent class members is inconsistent with the nature of an action under Rule 23."); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 65, 72 (N.D. Ill. 2016) (same). And absent class members are not parties for purposes of assessing venue. *See Appleton Elec. Co. v. Advance-United Expressways*, 494 F.2d 126, 140 (7th Cir. 1974) ("Rule 23 must be interpreted to allow inclusion of all class members, whatever their connection with the forum."); 7A Charles A. Wright et al., *Federal Practice & Procedure* § 1757 (3d ed. 2018) ("The general rule is that only the residence of the named parties is relevant for determining whether venue is proper.").

Pfizer's submission, then, boils down to this: Although absent class members are *not* parties for purposes of diversity of citizenship, amount in controversy, Article III standing, and venue, they *are* parties for purposes of personal jurisdiction over the defendant. That cannot be right. Personal jurisdiction shares a key feature with those other doctrines: each governs a court's ability, constitutional or statutory, to adjudicate a particular person's or entity's claim against a particular defendant. In that context—and recall the Supreme Court's admonition that "context" determines whether an absent class member counts as a party for purposes of

5

determining "the applicability of various procedural rules," *Devlin*, 536 U.S. at 10—absent class members are not parties.

Unlike named parties, "a class-action plaintiff is not required to fend for himself. The court and named plaintiffs protect his interests." *Shutts*, 472 U.S. at 809 (citation omitted). Indeed, "an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection." *Id*. at 810. Precisely because absent class members are along for the ride, it makes sense that they are not parties for the purpose of constitutional and statutory doctrines governing whether a court has the power to adjudicate their claims. And that is also why it makes sense that absent class members *are* parties for purposes of tolling the statute of limitations, being bound by a judgment or settlement, and appealing a settlement's approval. As to tolling, it would be unfair "to afford class action representation only to those who are active participants in or even aware of the [pre-certification] proceedings," as "potential class members are mere passive beneficiaries of the action brought in their behalf." *Am. Pipe*, 414 U.S. at 552 (noting further that only when "the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it"). And as to judgments and settlements, the privilege of passive participation comes with the responsibility of shouldering the burden of an adverse resolution. *see Devlin*, 536 U.S. at 10-11.

Pfizer retorts that personal jurisdiction over the defendant is unique because, unlike standing or diversity of citizenship, it is grounded in the constitutional guarantee of due process. Doc. 69 at 14; *see Chavez*, 2018 WL 2238191, at *11 ("The focus of the due process inquiry is on whether the defendant's contacts with the state of Illinois give rise to the claims of

nonresident plaintiffs. Whether the citizenship of unnamed class members should be disregarded for purposes of determining whether diversity jurisdiction exists simply has no relevance to the answer to that question."). Granted, personal jurisdiction turns on due process principles, while standing is governed by Article III and diversity jurisdiction is governed by Article III ("The judicial Power shall extend to all Cases …between Citizens of different States ….") and 28 U.S.C. § 1332. But that distinction makes no difference. In our federal system, both subject matter and personal jurisdiction set forth the conditions under which a particular sovereign's courts may hear a case. *See Bristol-Myers*, 137 S. Ct. at 1780 ("[R]estrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.'") (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (characterizing subject matter jurisdiction as a "restriction on federal power, [which] contributes to the characterization of the federal sovereign"). In so doing, both doctrines implement the "[c]ooperation and comity" that are "essential to the federal design." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999) (noting that allowing federal courts the discretion to rule first either on subject matter jurisdiction or on personal jurisdiction is necessary to account for the "dignitary interest[s]" of States). And, if anything, subject matter jurisdiction is the more demanding and important of the two, for unlike personal jurisdiction, it may not be forfeited or waived. *See BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 793 (7th Cir. 2014) ("Litigants cannot confer subject-matter jurisdiction by agreement or omission, but personal jurisdiction is a personal right that a litigant may waive or forfeit."). It follows that there is no good reason why absent class members should be treated as non-parties for purposes of establishing subject matter jurisdiction, but as parties for

7

purposes of establishing personal jurisdiction over the defendant. *See* Diane P. Wood, *Adjudicatory Jurisdiction and Class Actions*, 62 Ind. L. J. 597, 616 (1987) (suggesting that in a "pure representational action … the contacts supporting the [named plaintiff's] claim against the defendants should support the entire class's claims").

Likewise unpersuasive is Pfizer's argument that the Rules Enabling Act ("REA"), 28 U.S.C. § 2072, "compels the application of [*Bristol-Myers*] to putative class actions pending in federal court both as to the claims of named and unnamed class members." Doc. 69 at 8. True, the REA instructs that the federal rules of procedure, including Civil Rule 23, "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). But this court's holding deprives defendants of no substantive right because, as shown above, a defendant has no right to exclude an absent class member from the class on the ground that the defendant is not subject to personal jurisdiction as to that class member's claim. It is for the same reason that the cases holding that absent class members need not establish their own standing, and are not considered for venue, diversity of citizenship, or amount-in-controversy purposes, do not violate the REA.

Although the analysis could stop here, one more point is in order. In *Devlin*, the Court explained that "[t]he rule that nonnamed class members cannot defeat complete diversity is … justified by the goals of class action litigation," in that "[e]ase of administration of class actions would be compromised by having to consider the citizenship of all class members, many of whom may even be unknown, in determining jurisdiction." 536 U.S. at 10. That consideration applies as well to personal jurisdiction. The economies achieved by aggregating claims under Rule 23 would be similarly compromised if courts in class actions where the defendant was not subject to general jurisdiction had to ascertain whether specific jurisdiction could be asserted over each absent class member's claim.

To illustrate the point, consider a hypothetical class action where: (1) the named plaintiff alleges product defects arising at several of the defendant's manufacturing plants, only one of which is in the forum State; and (2) the defendant is not incorporated and does not maintain its principal place of business in that State. It is virtually certain that the defendant would not be subject to general jurisdiction in that State. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017); *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695 (7th Cir. 2015). So, if Pfizer were right that *Bristol-Myers* applied to absent class members, the hypothetical court would bear the onerous task of determining, as to each absent class member not injured by the product in the forum State, whether the product was manufactured at the plant in the State, and thus whether a sufficient alternative nexus existed between that class member's injury and the forum to permit the exercise of specific jurisdiction over the defendant as to that class member's claim. *Devlin* counsels strongly against such a result.

For the foregoing reasons, Pfizer's renewed motion to strike the complaint's nationwide class claims is denied.

August 3, 2018

_____
United States District Judge