UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARMEL AL HAJ, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) 17 C 6730 ) ) Judge Gary Feinerman |
| vs. | ) ) |
| PFIZER INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On behalf of herself and a putative class, Karmel Al Haj alleges that Pfizer Inc.—in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*., and Illinois unjust enrichment law—deceived her by charging more for "Maximum Strength" Robitussin cough syrup than for "Regular Strength" Robitussin even though the former had a lower concentration of active ingredients than the latter and double the recommended adult dose. Doc. 1. In three prior opinions, familiarity with which is assumed, the court dismissed Timothy Woodhams's claims for lack of personal jurisdiction, denied Pfizer's motion to dismiss and for summary judgment on Al Haj's claims, and denied without prejudice to renewal Al Haj's motion for class certification. Docs. 59-60 (reported at 338 F. Supp. 3d 741 (N.D. Ill. 2018)); Docs. 82-83 (reported at 338 F. Supp. 3d 815 (N.D. Ill. 2018)); Docs. 172-173 (reported at 2019 WL 3202807 (N.D. Ill. July 16, 2019)). Al Haj now renews her motion for class certification. Doc. 174. The motion is denied.

A court's analysis of class certification "is not free-form, but rather has been carefully scripted by the Federal Rules of Civil Procedure." *Chi. Teachers Union, Local No. 1. v. Bd. of Educ. of Chi.*, 797 F.3d 426, 433 (7th Cir. 2015). To be certified, a proposed class must satisfy

1

the four requirements of Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Bell v. PNC Bank, N.A.*, 800 F.3d 360, 373 (7th Cir. 2015). If Rule 23(a) is satisfied, the proposed class must fall within one of the three categories in Rule 23(b), which the Seventh Circuit has described as: "(1) a mandatory class action (either because of the risk of incompatible standards for the party opposing the class or because of the risk that the class adjudication would, as a practical matter, either dispose of the claims of non-parties or substantially impair their interests), (2) an action seeking final injunctive or declaratory relief, or (3) a case in which the common questions predominate and class treatment is superior." *Spano v. Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011); *see also Bell*, 800 F.3d at 373 ("In addition to meeting [the Rule 23(a)] requirements, the class must satisfy one of the … conditions in Rule 23(b)."). Finally, the class must be "identifiable as a class," meaning that the "class definitions must be definite enough that the class can be ascertained." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *see also Mullins v. Direct Dig., LLC*, 795 F.3d 654, 659-72 (7th Cir. 2015) (reviewing the history of Rule 23's "ascertainability requirement").

Al Haj bears the burden of showing by a preponderance of the evidence that each requirement is satisfied. *See Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017); *Chi. Teachers Union*, 797 F.3d at 433; *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). As the Seventh Circuit has explained, "a district court must make whatever factual and legal inquiries are necessary to ensure that requirements for class certification are satisfied before deciding whether a class should be certified, even if those

considerations overlap the merits of the case." *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010); *see also Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889-90 & n.6 (7th Cir. 2011) (same).

Al Haj fails to show adequacy under Rule 23(a)(4). The adequacy inquiry has two facets: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The adequacy of proposed class counsel has not been challenged. As for Al Haj, and pertinent here, the Seventh Circuit has held that a proposed class representative may be inadequate if she is subject to "even an arguable defense" not applicable to the class as a whole:

> The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation. The fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to [her] so that the representation of the rest of the class will suffer. A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative.

*CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (internal quotation marks and citation omitted); *see also Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011) (same); *Oshana*, 472 F.3d at 514 (same); *Hardy v. City Optical Inc.*, 39 F.3d 765, 770 (7th Cir. 1994) (same); *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164-65 (7th Cir. 1974) (same). Because the Seventh Circuit recently articulated this principle in slightly different terms, asking whether the class representative "is subject to a substantial defense unique to [her]," *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1027 (7th Cir. 2018), the court will examine whether Al Haj is subject not just to any arguable defense, but to an arguable defense that is substantial. This obstacle to class certification at times has been addressed under Rule

3

23(a)(3), which concerns typicality, *see*, *e.g.*, *Oshana*, 472 F.3d at 514, but the Seventh Circuit has made clear that adequacy is the proper rubric, *see CE Design*, 637 F.3d at 724-25.

Al Haj is subject to an arguable, substantial defense that prevents her from being an adequate class representative. At her deposition, Al Haj testified that: (1) when she purchased Maximum Strength Robitussin, she did not do so with the belief that it had a greater concentration of active ingredients than Regular Strength Robitussin, Doc. 105-17 at 50-52 (pp. 49:14-51:8); (2) she continued to purchase Maximum Strength Robitussin after realizing that its recommended adult dose (20 ml) was double the recommended adult dose (10 ml) of Regular Strength Robitussin, *id*. at 58-60 (pp. 57:20-59:12); and (3) after stopping her purchases of Maximum Strength Robitussin, she switched to a more expensive cough syrup with the same concentration of active ingredients, *id*. at 39-41 (pp. 38:22-40:18). This testimony poses substantial problems for Al Haj's ICFA claim, which requires proof of materiality and proximate cause. *See Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 739 (7th Cir. 2017) ("[Plaintiff] did not adequately allege that [Defendant] violated ICFA by failing to disclose a material fact."); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010) ("[T]o prevail under ICFA, a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury."); *Oshana*, 472 F.3d at 514-15 ("[A] private cause of action under the ICFA requires a showing of proximate causation."); *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 911 (N.D. Ill. 2011) ("[T]he ICFA applies to the omission of any 'material' information.").

Al Haj can prevail on her ICFA claim only if the factfinder determines that Pfizer misled her by marketing its product as "Maximum Strength" even though it had a lower concentration of active ingredients than the "Regular Strength" product, even though its recommended adult dose (20 ml) was twice the dose (10 ml) of the Regular Strength product, even though it had half

4

the doses per four-ounce bottle (5.9) than the Regular Strength product (11.8), and even though, despite all this, it was more expensive than the Regular Strength product. 338 F. Supp. 3d at 754; 2019 WL 3202807, at *3. Yet if, as she testified, Al Haj did not purchase Maximum Strength Robitussin believing it had a greater concentration of active ingredients, continued to purchase the product even after learning that its recommended adult dose was double that of Regular Strength Robitussin, and ultimately switched to an even more expensive cough syrup with the same concentration of active ingredients, a jury quite easily could find that Pfizer's alleged misrepresentation was not material to her and/or that there was no causal connection between that misrepresentation and her purchase of the Maximum Strength product. *See Toulon*, 877 F.3d at 739-40 (holding that an ICFA deception claim requires that the defendant have misrepresented a material fact to the plaintiff); *Oshana*, 472 F.3d at 513-14 ("[A] damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception.").

The substantial obstacle posed by Al Haj's deposition testimony to her success at trial would not stand in the way of a putative class member who purchased Maximum Strength Robitussin with the belief that the product had a higher concentration of active ingredients than Regular Strength Robitussin, or a putative class member who stopped purchasing the Maximum Strength product upon learning the truth about its concentration of active ingredients and dosage as compared to the Regular Strength product. All this makes Al Haj an inadequate class representative, as she would have to devote substantial attention to overcoming her damaging deposition testimony and, if she failed to do so—a significant possibility, if not probability—she would sink the absent members' claims even though they might have prevailed had the charge been led by a class representative unburdened by that testimony. *See Randall*, 637 F.3d at 824

("[A] named plaintiff[] who [is] subject to a defense that would not defeat unnamed class members [is] not [an] adequate class representative."); *Oshana*, 472 F.3d at 514 (affirming the denial of class certification where the proposed class representative's ICFA claim was subject to "certain specific factual defenses"); *Hardy*, 39 F.3d at 770 ("[A] plaintiff against whom the defendants have a defense not applicable to other members of the class is not a proper class representative.").

Al Haj's arguments to the contrary fail to persuade. Despite the court expressly stating its concerns about Al Haj's adequacy in its opinion denying Pfizer's summary judgment motion and denying without prejudice her initial class certification motion, 2019 WL 3202807, at *9 ("Because the court's discussion of the record in this opinion might bear on whether Al Haj is an adequate class representative under Civil Rule 23(a)(4) … her class certification motion is denied without prejudice to renewal in a manner that accounts for that discussion."), her renewed motion hardly touches upon those concerns. Al Haj's opening brief incorrectly argues that a plaintiff satisfies Rule 23(a)(4) adequacy so long as she is a member of the putative class and has the same interest and injury as the other members, Doc. 176 at 21—completely overlooking that unique defenses can defeat adequacy. *See Beaton*, 907 F.3d at 1027; *Randall*, 637 F.3d at 824; *Oshana*, 472 F.3d at 514; *Hardy*, 39 F.3d at 770.

Al Haj's reply brief acknowledges that a unique defense can defeat adequacy, Doc. 213 at 14-15, but argues that the defense arising from her harmful deposition testimony is "not relevant, … unique, []or []likely to usurp [her] focus," *id*. at 15. Al Haj's argument is meritless. That defense surely is unique, as a different class representative—one who clearly testified that she purchased the more expensive Maximum Strength Robitussin on the belief that it had a greater concentration of active ingredients than Regular Strength Robitussin, or who stopped buying the

Maximum Strength product upon learning the truth about its concentration of active ingredients and recommended dosage—would not be saddled with Al Haj's harmful testimony. The defense is relevant, as it bears directly on the materiality and causation elements of her ICFA claim. And the defense will command her focus at trial, at the very least during her cross-examination and at closing argument. A class representative unburdened with Al Haj's harmful deposition testimony would permit class counsel, particularly in closing argument, to focus on attacking Pfizer's alleged misrepresentations rather than on countering Pfizer's inevitable and substantial argument that the misrepresentations had no impact on the class representative.

Al Haj asserts that she could overcome that defense and that the factfinder ultimately could find in her favor. *Id*. at 16-17. While it is *possible* for Al Haj to prevail at trial, her assertion misses the point of the adequacy inquiry. A defense unique to a proposed class representative need not be a sure bet to defeat adequacy; rather, it need only be "arguable," *CE Design*, 637 F.3d at 726, and "substantial," *Beaton*, 907 F.3d at 1027. As shown above, there is a significant risk Al Haj will be unable to overcome her harmful deposition testimony, and that is enough to make her an inadequate class representative. *See J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc.*, 628 F.2d 994, 998 (7th Cir. 1980) (holding that the district court properly held that the proposed class representative, "a sophisticated investor very familiar with financial statements," was inadequate because "[s]uch an investor may not be as justified in relying on any material misrepresentations or omissions of material facts as other purchasers of [the] stock"); *Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 460 (N.D. Ill. 2013) (holding that because the plaintiff's "deposition testimony would provide [the defendant] with serious grounds to attack her [ICFA] claim[] at trial," she was "an inadequate class representative" in that "she would have to devote substantial attention to overcoming her deposition testimony"); *Wooley v. Jackson Hewitt, Inc.*,

7

2011 WL 1559330, at *9 (N.D. Ill. Apr. 25, 2011) (holding that because there was "ample evidence that both [proposed class representatives] were sophisticated, willing, and at least equal participants in the [tax] misconduct" at issue, they were subject to an "eminently colorable" *in pari delicto* defense, "which is all that Defendants need[ed] to show to defeat adequacy under Rule 23(a)(4)").

Al Haj also contends that because her "claims survived summary judgment [against] the exact same" defense, that defense "ha[s] no place in the adequacy analysis." Doc. 213 at 14. Not so. To survive summary judgment, Al Haj merely had to adduce evidence sufficient, with all reasonable inferences drawn in her favor, for a reasonable jury to find in her favor. *See Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 761-63 (7th Cir. 2014) (applying this summary judgment standard to an ICFA claim). For class certification, it is not enough for Al Haj to demonstrate that she *could* prevail at trial; rather, she must demonstrate, at the very least, that she is as well-positioned to prevail as an ordinary member of the putative class. *See Beaton*, 907 F.3d at 1027; *Randall*, 637 F.3d at 824; *Oshana*, 472 F.3d at 514; *Hardy*, 39 F.3d at 770. Al Haj fails to clear this hurdle.

Al Haj's unjust enrichment claim rests on the same allegedly deceptive conduct as her ICFA claim, and thus faces the same mortal threat from her deposition testimony. "To [prove] a claim for unjust enrichment under Illinois law, 'a plaintiff must [show:] [1] that the defendant has unjustly retained a benefit to the plaintiff's detriment, and [2] that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'" *Banco Panamericano, Inc. v. City of Peoria*, 880 F.3d 329, 333 (7th Cir. 2018) (quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989)). Where, as here, "an unjust enrichment claim rests on the same improper conduct [underlying] another claim, then

8

the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Platt v. Brown*, 872 F.3d 848, 853 (7th Cir. 2017) (internal quotation marks omitted); *see also Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust. What makes the retention of the benefit unjust is often due to some improper conduct by the defendant. And usually this improper conduct will form the basis of another claim against the defendant in tort, contract, or statute."). Thus, Al Haj is an inadequate class member for the putative class's unjust enrichment claim as well.

The putative class would be poorly served with Al Haj as its representative. (It bears mention that the putative class has at least one other option in Woodhams, Al Haj's erstwhile co-plaintiff, who re-filed in New York after being dismissed from this suit. *See Woodhams v. Pfizer Inc.*, 2019 WL 1432769 (S.D.N.Y. Mar. 29, 2019) (staying Woodhams's suit pending this court's determination of whether to certify a class).) Her class certification motion is denied, and this case will proceed as an individual suit.

March 23, 2020  _____
United States District Judge